```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA              :    INDICTMENT

         - v. -                       :    S3 04 Cr. 962 (LAP)

DANIEL RENDON-HERRERA,                :
     a/k/a "Don Mario,"
     a/k/a "El Viejo,"                :
     a/k/a "El Tio,"
     a/k/a "La Senora,"               :
FREDDY ENRIQUE RENDON-HERRERA,
     a/k/a "El Aleman,"               :
     a/k/a "Aleman,"
     a/k/a "Berrio,"
JHON JAIRO RENDON-HERRERA,
     a/k/a "Yesid,"
     a/k/a "JJ,"
DIEGO RIVAS-ANGEL,
     a/k/a "El Doctor,"
DAIRO ANTONIO USUGA-DAVID,
     a/k/a "Mao,"
     a/k/a "Gallo,"
     a/k/a "Mauricio-Gallo," and
JUAN DE DIOS USUGA-DAVID,             :
     a/k/a "Giovanni,"
                                      :
                    Defendants.
                                      :
- - - - - - - - - - - - - - - - - -X
```

USDC SDNY DOCUMENT ELECTRONICALLY FILED DOC #: _____ DATE FILED: 6/16/09

## COUNT ONE

(Conspiracy to Provide Material Support
To A Foreign Terrorist Organization)

The Grand Jury charges:

### Background of The Conspiracy

1. The *Autodefensas Unidas de Colombia* ("AUC") was founded in 1997 as an umbrella group uniting a number of paramilitary bands in Colombia. The AUC is a right-wing organization, whose main political objective is to defeat the

left-wing *Fuerzas Armadas Revolucionarios de Colombia* ("FARC") in armed conflict, and remove FARC sympathizers from government and positions of influence in Colombia.

2. At all times relevant to this Indictment, the AUC has carried out its political objectives through kidnapings, violent attacks, and the mass murder of civilians claimed by the AUC to be FARC sympathizers. The AUC has financed its terrorist activities through the proceeds of cocaine trafficking in AUC-controlled areas, which trafficking is "taxed" by AUC commanders, with the proceeds being used to fund the purchase of military-grade weapons for use by the AUC. The AUC was designated by the State Department as a Foreign Terrorist Organization ("FTO") on September 10, 2001, and as a Specially-Designated Global Terrorist Organization ("SDGT") on October 31, 2001, and it remains so designated.

3. At all times relevant to this Indictment, the AUC was organized in individual bloques. Each AUC bloque controlled a separate area of Colombia. The AUC's Bloque Elmer Cardenas ("BEC"), the AUC's Gaitanistas de Colombia ("AGC") and its predecessor AUC Bloques (collectively, the "Bloques") were responsible for securing and maintaining AUC control over areas of the Departments of Cordoba and Antioquia in Colombia. The Bloques did so in part by "taxing" narcotics traffickers operating in these areas, and using the narcotics proceeds to

secure military-grade arms, including automatic rifles and grenades. The Bloques' leadership also developed illicit business relationships with drug trafficking organizations in Mexico. Those organizations purchased cocaine from narcotics traffickers associated with the Bloques, in exchange for thousands of assault rifles to be used by the AUC.

    4. At all times relevant to this Indictment, DANIEL RENDON-HERRERA, a/k/a "Don Mario," a/k/a "El Viejo," a/k/a "El Tic," a/k/a "La Senora," the defendant, was a high-ranking member of the Bloques, and leader of a drug trafficking organization that, with the protection of the Bloques, supplied cocaine in multi-ton quantities to, among other groups, Mexican drug trafficking groups, outside of Colombia in exchange for military-grade weapons, including AK-47s, M-16s, Galil rifles, and FAL rifles, all of which were manufactured in places outside of Colombia including the United States of America, intended for use by the AUC. DANIEL RENDON-HERRERA and other Bloque commanders also "taxed" area drug traffickers, and used a portion of the proceeds to purchase weapons for use by the AUC. To further its objectives, the Bloques also carried out kidnapings and attacks against Colombian government, military, police and civilian targets.

    5. On or about April 15, 2009, DANIEL RENDON-HERRERA was captured by the Colombian National Police ("CNP") near Turbo

in the Department of Antioquia, Colombia. At the time of his arrest, DANIEL RENDON-HERRERA commanded approximately 5,000 militants mobilized under the AUC's AGC.

## Statutory Allegations

6. From at least in or about 2001, up to and including at least in or about April 2009, in an offense in and affecting interstate and foreign commerce, begun and committed outside of the jurisdiction of any particular State or District of the United States, including Colombia, Panama, Honduras, Mexico, Ecuador, and elsewhere, DANIEL RENDON-HERRERA, a/k/a "Don Mario," a/k/a "El Viejo," a/k/a "El Tio," a/k/a "La Senora," the defendant, who will be first brought to and arrested in the Southern District of New York, and others known and unknown, unlawfully and knowingly did combine, conspire, confederate and agree together and with each other to provide "material support or resources," as that term is defined in Title 18, United States Code, Section 2339A(b), to a foreign terrorist organization, to wit, the AUC, which was designated by the United States Secretary of State as a foreign terrorist organization on or about September 10, 2001, pursuant to Section 219 of the Immigration and Nationality Act; which has remained on the list of designees since that time; and which is currently designated as such, as of the date of filing of this Indictment.

7.  It was a part and an object of the conspiracy that DANIEL RENDON-HERRERA, a/k/a "Don Mario," a/k/a "El Viejo," a/k/a "El Tio," a/k/a "La Senora," the defendant, and others known and unknown, would and did provide the AUC with weapons, narcotics proceeds, personnel, and other support and resources, knowing that the AUC had engaged and was engaging in terrorist activity (as defined in section 212(a)(3)(B) of the Immigration and Nationality Act), and knowing that the AUC had engaged and was engaging in terrorism (as defined in section 140(d)(2) of the Foreign Relations Authorization Act, Fiscal Years 1988 and 1989), in violation of Title 18, United States Code, Section 2339B.

### Overt Acts

8.  In furtherance of the conspiracy and to effect the illegal objects thereof, the following overt acts, among others, were committed:

   a.  In or about 2000, DANIEL RENDON-HERRERA, a/k/a "Don Mario," a/k/a "El Viejo," a/k/a "El Tio," a/k/a "La Senora," the defendant, ordered the murder of several FARC commanders in the vicinity of El Tigre, Colombia.

   b.  In or about 2005, in Colombia, co-conspirators not named as defendants herein received, on behalf of DANIEL RENDON-HERRERA, thousands of automatic assault rifles, which were manufactured outside of Colombia.

    c. In or about 2005, in Colombia, DANIEL RENDON-HERRERA, and co-conspirators not named as defendants herein, discussed the division of "taxes" exacted by the Bloques from area narcotics traffickers, including the portion of those "taxes" that would be used to fund the purchase of weapons by the AUC, which weapons were manufactured and transported outside of Colombia.

    d. In or about 2005, in Colombia, DANIEL RENDON-HERRERA, and co-conspirators not named as defendants herein, discussed a plot to assassinate a high-ranking official of the Colombian National Police with firearms and ammunition manufactured in the United States and elsewhere.

    e. In or about March 2008, in Colombia, DANIEL RENDON-HERRERA, ordered the kidnaping of 25 Colombian civilians.

    f. In or about April 2008, in Colombia, DANIEL RENDON-HERRERA, possessed assault rifles, ammunition, grenades, camouflage uniforms and military backpacks, manufactured outside of Colombia.

       (Title 18, United States Code,
    Sections 2339B(a)(1), (d)(1), and 3238.)

## COUNT TWO

### (Narcotics Importation Conspiracy)

The Grand Jury further charges:

9. The allegations contained in paragraphs 1 through 5 and 8 are hereby repeated, realleged and incorporated by reference as if fully set forth herein.

10. Between in or about 2004 and in or about 2006, FREDDY ENRIQUE RENDON-HERRERA, a/k/a "El Aleman," a/k/a "Aleman," a/k/a "Berrio," was the leader of the AUC's Bloque Elmer Cardenas. In that capacity, like his brother, DANIEL RENDON-HERRERA, a/k/a "El Viejo," a/k/a "El Tio," a/k/a "La Senora," the defendant, FREDDY ENRIQUE RENDON-HERRERA controlled the Departments of Cordoba and Antioquia in Colombia, and "taxed" area drug traffickers in connection with shipments of cocaine that were permitted to pass through BEC-controlled territory and, thereafter, shipped by, among other means, go-fast boats to Central America for delivery to the United States.

11. In or about 2006, FREDDY ENRIQUE RENDON-HERRERA demobilized from the BEC as part of the Colombian government's Justice and Peace process -- a process under which paramilitary members who surrender to the government, relinquish their criminally-derived assets, confess their crimes, and do not commit further crimes, may receive a reduced sentence and amnesty from extradition. (DANIEL RENDON-HERRERA did not enter the

Justice and Peace process, refused to demobilize, and by prior arrangement with FREDDY ENRIQUE RENDON-HERRERA, reconstituted the BEC as the AGC, and was its leader until at least April 2009).

12. At all time relevant to this Indictment, JHON JAIRO RENDON-HERRERA, a/k/a "Yesid," a/k/a "JJ," the defendant, assisted both his brothers, DANIEL RENDON-HERRERA and FREDDY ENRIQUE RENDON-HERRERA, in their control over the Bloques, namely, the AUC's Bloque Elmer Cardenas and the AUC's Gaitanistas de Colombia. Further, DIEGO RIVAS-ANGEL, a/k/a "El Doctor," DAIRO ANTONIO USUGA-DAVID, a/k/a "Mao," a/k/a "Gallo," a/k/a "Mauricio-Gallo," and JUAN DE DIOS USUGA-DAVID, a/k/a "Giovanni," provided logistical support and coordination for the Bloques's narcotics trafficking operations.

### Statutory Allegations

13. From at least in or about 1998 up to and including at least in or about April 2009, in the Southern District of New York and elsewhere, DANIEL RENDON-HERRERA, a/k/a "Don Mario," a/k/a "El Viejo," a/k/a "El Tio," a/k/a "La Senora," FREDDY ENRIQUE RENDON-HERRERA, a/k/a "El Aleman," a/k/a "Aleman," a/k/a "Berrio," JHON JAIRO RENDON-HERRERA, a/k/a "Yesid," a/k/a "JJ," DIEGO RIVAS-ANGEL, a/k/a "El Doctor," DAIRO ANTONIO USUGA-DAVID, a/k/a "Mao," a/k/a "Gallo," a/k/a "Mauricio-Gallo," and JUAN DE DIOS USUGA-DAVID, a/k/a "Giovanni," the defendants, and others known and unknown, unlawfully, intentionally and knowingly did

8

combine, conspire, confederate and agree together and with each other to violate the narcotics laws of the United States.

14. It was a part and an object of the conspiracy that DANIEL RENDON-HERRERA, a/k/a "Don Mario," a/k/a "El Viejo," a/k/a "El Tio," a/k/a "La Senora," FREDDY ENRIQUE RENDON-HERRERA, a/k/a "El Aleman," a/k/a "Aleman," a/k/a "Berrio," JHON JAIRO RENDON-HERRERA, a/k/a "Yesid," a/k/a "JJ," DIEGO RIVAS-ANGEL, a/k/a "El Doctor," DAIRO ANTONIO USUGA-DAVID, a/k/a "Mao," a/k/a "Gallo," a/k/a "Mauricio-Gallo," and JUAN DE DIOS USUGA-DAVID, a/k/a "Giovanni," the defendants, and others known and unknown, would and did import into the United States from a place outside thereof five kilograms and more of a mixture and substance containing a detectable amount of cocaine, in violation of Sections 812, 952(a), and 960(b)(1)(B) of Title 21, United States Code.

15. It was further a part and an object of the conspiracy that DANIEL RENDON-HERRERA, a/k/a "Don Mario," a/k/a "El Viejo," a/k/a "El Tio," a/k/a "La Senora," FREDDY ENRIQUE RENDON-HERRERA, a/k/a "El Aleman," a/k/a "Aleman," a/k/a "Berrio," JHON JAIRO RENDON-HERRERA, a/k/a "Yesid," a/k/a "JJ," DIEGO RIVAS-ANGEL, a/k/a "El Doctor," DAIRO ANTONIO USUGA-DAVID, a/k/a "Mao," a/k/a "Gallo," a/k/a "Mauricio-Gallo," and JUAN DE DIOS USUGA-DAVID, a/k/a "Giovanni," the defendants, and others known and unknown, would and did distribute a controlled

substance, to wit, five kilograms and more of a mixture and substance containing a detectable amount of cocaine, intending and knowing that such substance would be imported into the United States from a place outside thereof and into waters within a distances of 12 miles of the coast of the United States, in violation of Sections 959, 960(a) and 960(b)(1)(B) of Title 21, United States Code.

## Overt Acts

16. In furtherance of said conspiracy and to effect the illegal objects thereof, the following overt acts, among others, were committed in Colombia, Panama, Guatemala, Ecuador, the Galapagos Islands, and elsewhere:

    a. In or about 2000, DANIEL RENDON-HERRERA, a/k/a "Don Mario," a/k/a "El Viejo," a/k/a "El Tio," a/k/a "La Senora," the defendant, purchased properties in the vicinity of El Tigre, Colombia, at which to store cocaine.

    b. On numerous occasions between 2000 and 2002, DANIEL RENDON-HERRERA, negotiated with leaders of drug cartels located in Mexico for the shipment of multi-ton quantities of cocaine from Colombia to Mexico.

    c. In or about June 2002, in Colombia, JHON JAIRO RENDON-HERRERA, a/k/a "Yesid," a/k/a "JJ," and FREDDY ENRIQUE RENDON-HERRERA, a/k/a "El Aleman," a/k/a "Aleman," a/k/a "Berrio," the defendants, and co-conspirators not named as

defendants herein, met and discussed cocaine-trafficking routes in the vicinities of Sinelejo, Colombia, and Barranquilla, Colombia.

        d.    In or about the end of 2002, in the vicinity of Necocli Airport in Colombia, FREDDY ENRIQUE RENDON-HERRERA, took custody of approximately 500 kilograms of cocaine stored in an aircraft.

        e.    In or about 2005, in Ecuador, representatives of DANIEL RENDON-HERRERA, met with representatives of a cartel in Mexico regarding the shipment of ton-quantities of cocaine to Mexico in exchange for military-grade weapons, which were manufactured outside of Colombia, for the Bloques.

        f.    In or about 2005, in Colombia, DANIEL RENDON-HERRERA, FREDDY ENRIQUE RENDON-HERRERA, and JHON JAIRO RENDON-HERRERA, met to discuss the division of "taxes" exacted from other narcotics traffickers.

        g.    From in or about 2005, up to and including in or about 2007, co-conspirators not named as defendants herein, acting on the instructions of DANIEL RENDON-HERRERA, transported approximately 300 tons of cocaine from Colombia to representatives of a cartel in Mexico, in exchange for thousands of automatic assault rifles, which were manufactured outside of Colombia.

h.   In or about March 2008, DANIEL RENDON-HERRERA, made videotaped statements regarding his membership in the AUC and about the kidnapping of approximately 25 Colombian civilians by him and his associates.

i.   In or about April 2008, in Colombia, DIEGO RIVAS-ANGEL, a/k/a "El Doctor," the defendant, talked on the telephone with a co-conspirator not named as a defendant herein about the trafficking of cocaine.

j.   In or about December 2008, in Colombia, JUAN DE DIOS USUGA-DAVID, a/k/a "Giovanni," the defendant, talked on the telephone with a co-conspirator not named as a defendant herein about the trafficking of cocaine.

k.   In or about December 2008, in Colombia, DAIRO ANTONIO USUGA-DAVID, a/k/a "Mao," a/k/a "Gallo," a/k/a "Mauricio-Gallo, the defendant, talked on the telephone with a co-conspirator not named as a defendant herein about the trafficking of narcotics.

(Title 21, United States Code, Section 963.)

## COUNT THREE

### (Narco-Terrorism Conspiracy)

The Grand Jury further charges:

17. The allegations contained in paragraphs 1 through 5, paragraphs 8 through 12, and paragraph 16 are hereby repeated, realleged and incorporated by reference as if fully set forth herein.

18. From at least in or about 2000 up to and including in or about April 2009, in the Southern District of New York and elsewhere, DANIEL RENDON-HERRERA, a/k/a "Don Mario," a/k/a "El Viejo," a/k/a "El Tio," a/k/a "La Senora," the defendant, who will be first brought to and arrested in the Southern District of New York, and others known and unknown, unlawfully, intentionally and knowingly did combine, conspire, confederate and agree together and with each other to violate Section 960a of Title 21, United States Code.

19. It was a part and an object of said conspiracy that DANIEL RENDON-HERRERA, a/k/a "Don Mario," a/k/a "El Viejo," a/k/a "El Tio," a/k/a "La Senora," the defendant, and others known and unknown, would and did engage in conduct occurring in and affecting interstate and foreign commerce that would be punishable under Title 21, United States Code, Section 841(a) if committed within the jurisdiction of the United States, to wit, the manufacture, distribution, and possession with intent to

manufacture and distribute, of five kilograms and more of a substance containing a detectable amount of cocaine, knowing and intending to provide, directly and indirectly, something of pecuniary value to a person and organization that has engaged and engages in terrorist activity and terrorism, as defined in Title 8, United States Code, Section 1182(a)(3)(B), and Title 22, United States Code, Section 2656f(d)(2), to wit, the AUC and its members, operatives and associates, having knowledge that said person and organization has engaged in and engages in terrorism and terrorist activity, which activity violates the criminal laws of the United States, and occurs in and affects interstate and foreign commerce, in violation of Section 960a of Title 21, United States Code.

### Overt Acts

20. In furtherance of said conspiracy and to effect the illegal objects thereof, the following overt acts, among others, were committed:

   a. In or about 2000, DANIEL RENDON-HERRERA, a/k/a "Don Mario," a/k/a "El Viejo," a/k/a "El Tio," a/k/a "La Senora," the defendant, purchased properties in the vicinity of El Tigre, Colombia, at which to store cocaine.

   b. On numerous occasions between 2000 and 2002, DANIEL RENDON-HERRERA, negotiated with leaders of drug cartels

located in Mexico for the shipment of multi-ton quantities of cocaine from Colombia to Mexico.

   c. In or about 2005, in Colombia, DANIEL RENDON-HERRERA, FREDDY ENRIQUE RENDON-HERRERA, and JHON JAIRO RENDON-HERRERA, met to discuss the division of "taxes" exacted from other narcotics traffickers.

   d. From in or about 2005 to in or about 2007, co-conspirators not named as defendants herein, acting on the instructions of DANIEL RENDON-HERRERA, transported approximately 300 tons of cocaine from Colombia to representatives of a cartel in Mexico, in exchange for thousands of automatic assault rifles, which were manufactured outside of Colombia.

   e. In or about March 2008, DANIEL RENDON-HERRERA, made videotaped statements regarding his membership in the AUC and about the kidnapping of approximately 25 Colombian civilians by him and his associates.

   (Title 21, United States Code, Sections 963 and
    960a(a), (b)(1), (b)(2), and (b)(3).)

15

## FORFEITURE ALLEGATION
## AS TO COUNT ONE

21.     The allegation contained in Count One of the Indictment is hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(G) and Title 28, United States Code, Section 2461(c).

22.     The violation of Title 18, United States Code, Sections 2339B alleged in Count One of this Indictment is an act of international terrorism, as defined in Title 18, United States Code, Section 2331, against an international organization or foreign government.

23.     Upon conviction of the offense in violation of Title 18, United States Code, Sections 2339B alleged in Count One of this Indictment, DANIEL RENDON-HERRERA, a/k/a "Don Mario," a/k/a "El Viejo," a/k/a "El Tio," a/k/a "La Senora," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(G)(iv) and Title 28, United States Code, Section 2461(c), all right, title, and interest in all assets, foreign and domestic.

24.     Upon conviction of the offense in violation of Title 18, United States Code, Sections 2339B alleged in Count One of this Indictment, pursuant to Fed. R. Crim. P. 32.2(b)(1), DANIEL RENDON-HERRERA, a/k/a "Don Mario," a/k/a "El Viejo," a/k/a "El Tio," a/k/a "La Senora," the defendant, shall pay to the

United States a money judgment equal to the value of the assets subject to forfeiture under paragraph 23.

(Title 18, United States Code, Section 981(a)(1)(G) and Title 28, United States Code, Section 2461(c).)

### FORFEITURE ALLEGATION
### AS TO COUNTS TWO AND THREE

25. As a result of committing the controlled substance offenses alleged in Counts Two and Three of this Indictment, DANIEL RENDON-HERRERA, a/k/a "Don Mario," a/k/a "El Viejo," a/k/a "El Tio," a/k/a "La Senora," FREDDY ENRIQUE RENDON-HERRERA, a/k/a "El Aleman," a/k/a "Aleman," a/k/a "Berrio," JHON JAIRO RENDON-HERRERA, a/k/a "Yesid," a/k/a "JJ," DIEGO RIVAS-ANGEL, a/k/a "El Doctor," DAIRO ANTONIO USUGA-DAVID, a/k/a "Mao," a/k/a "Gallo," a/k/a "Mauricio-Gallo," and JUAN DE DIOS USUGA-DAVID, a/k/a "Giovanni," the defendants, shall forfeit to the United States, pursuant to Title 21, United States Code, Sections 853 and 970, any and all property constituting and derived from any proceeds that the defendants obtained directly and indirectly as a result of the said violations and any and all property used and intended to be used in any manner or part to commit and to facilitate the commission of the violations alleged in Counts Two and Three of this Indictment, including but not limited to, a sum of money representing the amount of proceeds obtained as a result of these offenses.

<u>Substitute Assets Provision</u>

26. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Sections 853(p) and 970, to seek forfeiture of any other property of the defendants up to the value of the forfeitable property.

(Title 21, United States Code, Sections 853, 960a, and 970.)

_____
FOREPERSON

_____
LEV L. DASSIN
Acting United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v -

DANIEL RENDON-HERRERA,
a/k/a "Don Mario,"
a/k/a "El Viejo,"
a/k/a "El Tio,"
a/k/a "La Senora,"
FREDDY ENRIQUE RENDON-HERRERA,
a/k/a "El Aleman,"
a/k/a "Aleman,"
a/k/a "Berrio,"
JOHN JAIRO RENDON-HERRERA,
a/k/a "Yesid,"
a/k/a "JJ,"
DIEGO RIVAS-ANGEL,
a/k/a "El Doctor," and
DAIRO ANTONIO USUGA-DAVID,
a/k/a "Mao,"
a/k/a "Gallo,"
a/k/a "Mauricio-Gallo," and
JUAN DE DIOS USUGA-DAVID,
a/k/a "Giovanni,"

Defendants.

## INDICTMENT

S3 04 Cr. 962 (LAP)

(Title 21, United States Code, Sections
812, 959, 960(a), 960(b)(1)(B), 963, 970,
and 812, and Title 18, United States
Code, Sections 2339B and 3238.)

LEV L. DASSIN
Acting United States Attorney.

A TRUE BILL

_____
Foreperson.