UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA            :       **INDICTMENT**

       - v. -                 :       S5 04 Cr. 962 (LAP)

DANIEL RENDON-HERRERA,              :
     a/k/a "Don Mario,"
     a/k/a "El Viejo,"             :
     a/k/a "El Tio,"
     a/k/a "La Senora,"            :

              Defendant.    :

- - - - - - - - - - - - - - - - - - -x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8|13|13

## COUNT ONE

### (Narcotics Importation Conspiracy)

     The Grand Jury charges:

     1.  From at least in or about 1998 up to and including at least in or about April 2009, DANIEL RENDON-HERRERA, a/k/a "Don Mario," a/k/a "El Viejo," a/k/a "El Tio," a/k/a "La Senora," the defendant, who will first enter the United States in the Southern District of New York, and others known and unknown, intentionally and knowingly did combine, conspire, confederate and agree together and with each other to violate the narcotics laws of the United States.

     2.  It was a part and an object of the conspiracy that DANIEL RENDON-HERRERA, a/k/a "Don Mario," a/k/a "El Viejo," a/k/a "El Tio," a/k/a "La Senora," the defendant, and others known and unknown, would and did import into the United States from a place outside thereof five kilograms and more of a mixture

and substance containing a detectable amount of cocaine, in violation of Sections 812, 952(a), 960(a), and 960(b)(1)(B) of Title 21, United States Code.

3.    It was further a part and an object of the conspiracy that DANIEL RENDON-HERRERA, a/k/a "Don Mario," a/k/a "El Viejo," a/k/a "El Tio," a/k/a "La Senora," the defendant, and others known and unknown, would and did distribute a controlled substance, to wit, five kilograms and more of a mixture and substance containing a detectable amount of cocaine, intending and knowing that such substance would be imported into the United States from a place outside thereof and into waters within a distances of 12 miles of the coast of the United States, in violation of Sections 812, 959(a), 960(a) and 960(b)(1)(B) of Title 21, United States Code.

### Overt Acts

4.    In furtherance of the conspiracy and to effect the illegal objects thereof, the following overt acts, among others, were committed:

a.    In or about 2001, DANIEL RENDON-HERRERA, a/k/a "Don Mario," a/k/a "El Viejo," a/k/a "El Tio," a/k/a "La Senora," the defendant, established checkpoints on drug transportation routes in Colombia to ensure that narcotics traffickers had paid the required "tax" for transporting narcotics on those routes.

b.    In or about 2001, in Colombia, DANIEL RENDON-HERRERA attended a meeting with other members of a criminal organization (the "Organization") in which the participants discussed the risks associated with importing cocaine into the United States, including extradition to the United States from Colombia.

c.    In or about 2005 or 2006, in Colombia, DANIEL RENDON-HERRERA paid "taxes" of approximately $100 per kilogram of cocaine to another member of the Organization referenced in subparagraph (b), above, so that DANIEL RENDON-HERRERA could transport cocaine through territory in Colombia controlled by that individual.

d.    In or about March 2008, DANIEL RENDON-HERRERA made videotaped statements regarding, among other things, his membership in the Organization referenced in sub-paragraph (b), above.

e.    In or about April 2008, in Colombia, DANIEL RENDON-HERRERA possessed assault rifles, ammunition, grenades, camouflage uniforms, and military backpacks.

(Title 21, United States Code, Section 963.)

**FORFEITURE ALLEGATION**

5.    As a result of committing the controlled substance offenses alleged in Count One of this Indictment, DANIEL RENDON-HERRERA, a/k/a "Don Mario," a/k/a "El Viejo," a/k/a "El Tio,"

3

a/k/a "La Senora," the defendant, shall forfeit to the United States, pursuant to Title 21, United States Code, Sections 853 and 970, any and all property constituting and derived from any proceeds that the defendant obtained directly and indirectly as a result of the said violations and any and all property used and intended to be used in any manner or part to commit and to facilitate the commission of the violations alleged in Count One of this Indictment, including but not limited to, a sum of money representing the amount of proceeds obtained as a result of these offenses.

## Substitute Assets Provision

6.      If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

    a.      cannot be located upon the exercise of due
            diligence;

    b.      has been transferred or sold to, or
            deposited with, a third party;

    c.      has been placed beyond the jurisdiction of
            the court;

    d.      has been substantially diminished
            in value; or

    e.      has been commingled with other
            property which cannot be divided
            without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Sections 853(p) and 970, to seek forfeiture of any other property of the defendant up to the value of the forfeitable property.

(Title 21, United States Code, Sections 853, 960a, and 970.)

_____
FOREPERSON

_____
PREET BHARARA
United States Attorney

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v -

DANIEL RENDON-HERRERA,
a/k/a "Don Mario,"
a/k/a "El Viejo,"
a/k/a "El Tio,"
a/k/a "La Senora,"

Defendants.

## INDICTMENT

S5 04 Cr. 962 (LAP)

(Title 21, United States Code, Sections
812, 959, 960(a), 960(b)(1)(B), 963, and
970.)

PREET BHARARA
United States Attorney.

A TRUE BILL

_Susan Mark_
Foreperson.

8-13-13
MB

S5 Superseding Indictment filed...
Ellis. USMJ